E. T. BRANCH AND ANOTHER v. THOMAS DEVER.

Suit to recover pay for services in driving and selling a drove of beeves, for defendants; defence, that plaintiff had not paid over all the money received for the cattle, and that the plaintiff had not discharged his duty in managing and disposing of said beeves, and had wilfully violated his instructions, and was entitled to no wages; verdict and judgment for plaintiff, and judgment affirmed on the ground that the verdict was not without evidence to support it.

Appeal from Liberty. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellants, Branch & Waring, commenced in a Justice's Court, October 4th, 1854, to recover pay for driving and selling a drove of beeves, for defendants, thirty-three days at $3 per day, less credit of $10, $89. De-

fence that the plaintiff had not discharged his duty in managing and disposing of said beeves, and had wilfully violated his instructions. Judgment in Justice's Court for plaintiff for $89. *Certiorari* by defendants.

The proof was that the defendants employed plaintiff to drive a drove of beeves from Liberty county, Texas, into Louisiana, and sell them ; that they instructed him to let them go whenever he could get cost and expenses for them ; and being asked by plaintiff what he should do if he could not get cost and expenses for them, they told him to take the cattle and do the best he could with them, as if they were his own ; but they told him not to take them to New Orleans, giving as a reason therefor, that they had lost money on a drove which they had recently sold there ; they also told plaintiff that John Wrigley, who was about starting with a drove of beeves, had tried to get from them all of their large beeves to put with his drove, and that they should take his small beeves and put them with their small ones, and drive the beeves thus, the large ones in one drove and the small ones in another ; but that they had refused to do it, and did not want Wrigley to have their large beeves. It was in proof that the plaintiff had no offer for the beeves until Wrigley overtook him ; that beeves were low ; and that when Wrigley overtook plaintiff, they put all the large beeves in one drove, which Wrigley took to New Orleans and sold at a nett average, from that date, of $12 30 per head, and the small beeves in another drove, which plaintiff took down on the coast and sold for a nett average, from that date of $9 68 per head ; that the beeves, in both cases, were sold in the aggregate, and settlement between Wrigley and plaintiff was made upon the basis that Wrigley's and defendant's beeves were of equal value per head. The place where the two droves were thus divided, was about one hundred and forty miles from Liberty, this side of the Monteau, in Louisiana ; and one of the hands who helped to drive the cattle, testified that he had not previously

heard of any offer being made for them; Wrigley testified that he repeated to plaintiff what had passed between him and defendants; that he thought it was the best for defendants; plaintiff also testified that he thought he was doing the best for defendants; that he could not read or write, &c. A witness testified that if drovers do not sell before they get near New Orleans, it was customary to drive the large beeves into the city of New Orleans, and the small ones down on the coast for sale. A statement produced by a witness, showing what the beeves cost in Liberty county, and referred to in his testimony, was omitted in making up the transcript, because it was among the papers in another suit, which were in possession of defendants' attorney, and could not then be procured by the Clerk. A witness testified that he was engaged in beef driving same year, (1854;) that early in June he met Dever about fifteen miles this side of the Monteau in Louisiana; that he said to Dever that he understood he had been over-driving his beeves; that Dever replied that he had not, and witness thought he added that it was Wrigley, who was just behind him, that had over-driven; that witness then asked Dever what drives he had made; that Dever told him, and they were the usual drives; that he met Wrigley's beeves seven, eight or ten miles behind Dever, and his beeves looked bad; witness had just sold his drove of beeves six days before, at the Monteau, for twenty-two dollars per head; witness also stated that it injures the appearance and sale of beeves very much to over-drive them.

Wrigley testified that he started two days after Dever did, and that he did not think that he, Wrigley, had over-driven his beeves, when he overtook Dever; he also testified that he got as much as he could for the beeves in New Orleans, selling them in the usual manner through a beef merchant.

The Court instructed the jury without request as follows:

The issue presented to the jury on this trial is simply this, Has the plaintiff earned his wages, as agent for defendant, in

selling their beeves or not, or has he complied with his duty as agent?

If you believe from the evidence, that plaintiff was employed by defendants, as' their agent, to sell beeves for them in Louisiana, and he received instructions how he should act in making sales, and did act according to his instructions, or if he received no positive instructions, but was authorized generally to act for the best, or as he would with his own, and that he did so act in good faith and with prudence and discretion, as a man of reasonable business skill in that trade would act, under the same circumstances, then you will find for plaintiff the amount agreed to be paid him, or what his services were worth according to the proof; but, if you believe otherwise from the evidence, that is, if he had instructions and disobeyed them, or acted differently from his instructions, or, if he had no positive instructions, and acted imprudently and negligently, so that the beeves sold for less than their value, or than they would have done, then find for defendants.

Verdict and judgment for plaintiff for $89. Motion for new trial overruled, &c.


*E. B. Pickett*, for appellants.


WHEELER, J. The evidence is conflicting as to whether the plaintiff violated his instructions or not. According to the testimony of some of the witnesses, and, perhaps, the weight of evidence, he did. But other witnesses testified that his instructions were to do with the beeves as he thought best. The evidence leaves no doubt that he had such a discretion in a certain event. It does not clearly and certainly appear that what he did was not for the best; or what he honestly thought, or had reason to think, was the best he could do for his employers under the circumstances. It was for the jury to weigh the evidence, and decide whether he had violated his instruc-

tions; and it is not enough that their verdict may appear to be contrary to the weight of evidence. It was not without evidence to support it; and is not, therefore, contrary to the evidence. It was a case of conflict of evidence; and the Court did not err in refusing a new trial.

Judgment affirmed.